OPINION
{¶ 1} The defendant-appellant, John W. Goyman ("Goyman"), appeals two judgments of the Mercer County Common Pleas Court sentencing him to consecutive prison terms for offenses charged under two separate case numbers. These cases have been consolidated for consideration on appeal.
 {¶ 2} On October 21, 2004, the Mercer County Grand Jury indicted Goyman on four charges, which are before us as appellate case number 10-05-09. Goyman was charged with three counts of pandering obscenity involving a minor, violations of R.C.2907.321(A)(1), felonies of the second degree, and one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4), a felony of the third degree. On January 24, 2005 and while the charges under case number 10-05-09 were pending in the trial court, the State of Ohio ("State") filed a bill of information, which is before us as case number 10-05-10, charging Goyman with one count of pandering obscenity involving a minor, a violation of R.C. 2907.321(A)(1), a felony of the second degree.
 {¶ 3} The Celina Police Department began an investigation against Goyman on October 20, 2004 after his wife reported finding pornographic pictures on his digital camera. The camera contained pictures of her daughter, who was eleven years old, gripping Goyman's penis with her hand. The indictment filed in case number 10-05-09 resulted from this part of the investigation, and Goyman's step-daughter appears to have been the sole victim. Later that day, law enforcement officers obtained a warrant to search Goyman's computer. In the computer, police found downloaded pornographic files depicting minors involved in sex acts with other minors and with adults. The bill of information in case number 10-05-10 was filed based on this part of the investigation.
 {¶ 4} On January 26, 2005, the trial court held a joint change of plea hearing, which encompassed both cases. Goyman pled guilty to counts three and four of the indictment in case number 10-05-09; gross sexual imposition and pandering obscenity involving a minor. Goyman also pled guilty to pandering obscenity involving a minor as charged in case number 10-05-10. In exchange for his guilty pleas, the State dismissed counts one and two of the indictment and reserved the right to argue at sentencing. The trial court held a joint sentencing hearing on March 11, 2005 and classified Goyman as a sexually oriented offender in both cases pursuant to R.C. 2950.04. In case number 10-05-09, Goyman was sentenced to serve three years in prison for gross sexual imposition concurrent to six years in prison for pandering obscenity involving a minor. The trial court then sentenced Goyman to serve a four year prison term in case number 10-05-10 consecutive to the term imposed in case number 10-05-09 for an aggregate sentence of ten years in prison. Goyman appeals the trial court's sentencing judgment entries and asserts the following assignments of error:
The trial court committed an error of law by imposingconsecutive sentences.
 The trial court committed an error of law by not imposing theshortest sentence.
 {¶ 5} In the first assignment of error, Goyman essentially argues that the trial court failed to state its reasons for imposing consecutive sentences. The State contends R.C.2929.14(E) does not apply in this matter because "the two cases were separate cases, and not just allied offenses of similar import that may have required merger at sentencing." In the alternative, the State contends the trial court complied with R.C. 2929.14(E). As to the second assignment of error, Goyman contends the trial court erred by sentencing him to prison terms greater than the statutory minimums for each offense. The basis of this argument is twofold. First, Goyman argues the record does not support the trial court's findings made pursuant to R.C.2929.14(B). Second, Goyman argues without specific findings made by the jury or admissions made by the defendant, imposing a sentence greater than the statutory minimum violates the holding in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403.
 {¶ 6} In each of these cases, the trial court imposed sentences greater than the lowest possible sentence under R.C.2929.14(B)(2) and in case number 10-05-10, it imposed consecutive sentences under R.C. 2929.14(E). Recently, the Ohio Supreme Court determined that both R.C. 2929.14(B)(2) and 2929.14(E) are unconstitutional because they require trial courts to make findings based on facts, which have either not been determined by a jury or were not admitted by the defendant. State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, at paragraphs 1 and 3 of the syllabus (citing United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621; Blakely, supra; and Apprendiv. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435). Because the statutes under which Powell was sentenced are unconstitutional and because his cases were on direct appeal at the time Foster was released, we must vacate the sentences and remand this matter to the trial court for additional proceedings. Id. at ¶¶ 103-104.
 {¶ 7} The sentences imposed by the Mercer County Common Pleas Court in case numbers 10-05-09 and 10-05-10 are vacated and this matter is remanded to the trial court for additional proceedings.
Case No. 10-05-09: Sentence vacated and cause remanded. CaseNo. 10-05-10: Sentence vacated and cause remanded.
 Rogers and Cupp, JJ., concurs.