OPINION
{¶ 1} Defendant-Appellant, John W. Goyman, appeals two judgments of the Mercer County Court of Common Pleas, sentencing him to an aggregate term of ten years in prison. On appeal, Goyman argues that the trial court imposed a sentence under an ex post facto sentencing. For the reasons articulated in State v. McGhee, 3d Dist. No. 17-06-05,2006-Ohio-5162, we find that the trial court did not impose a sentence under an ex post facto sentencing law and affirm the judgments of the trial court.
 {¶ 2} On October 21, 2004, in Mercer County Court of Common Pleas Case Number 04-CRM-105 (hereinafter referred to as "Case No. 04-CRM-105"), the Mercer County Grand Jury indicted Goyman on three counts of pandering obscenity involving a minor in violation of R.C.2907.321(A)(1), felonies of the second degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. Case Nos. 10-06-23, 10-06-24
 {¶ 3} On January 24, 2005, while the charges under Case No. 04-CRM-105 were pending in the trial court, the State filed a bill of information in Mercer County Court of Common Pleas Case Number 05-CRM-008 (hereinafter referred to as "Case No. 05-CRM-008"), charging Goyman with one count of pandering obscenity involving a minor in violation of R.C.2907.321(A)(1), a felony of the second degree.
 {¶ 4} On January 26, 2005, the trial court held a joint change of plea hearing, which encompassed both cases. At the hearing, Goyman pled guilty, in Case No. 04-CRM-105, to one count of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1), a felony of the second 7degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. Also, Goyman pled guilty, in Case No. 05-CRM-008, to one count of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1). In exchange for his guilty pleas, the State dismissed the remaining counts of the October 2004 indictment and reserved the right to argue at sentencing.
 {¶ 5} In March 2005, the trial court held a sexual classification and sentencing hearing. During the hearing, the trial court classified Goyman as a sexually oriented offender in both cases under R.C. 2950.04. Additionally, the trial court, in Case No. 04-CRM-105, sentenced Goyman to three years in prison for the gross sexual imposition charge and to six years in prison for the pandering Case Nos. 10-06-23, 10-06-24
obscenity involving a minor charge, with the sentences to be served concurrently. The trial court also sentenced Goyman, in Case No. 05-CRM-008, to four years in prison for the pandering obscenity involving a minor charge, to be served consecutively to the sentenced imposed in Case No. 04-CRM-105, for an aggregate sentence of ten years in prison.
 {¶ 6} In April 2005, Goyman appealed the trial court's sentencing judgment entries asserting that his sentence violated Ohio Sentencing law.
 {¶ 7} We agreed, and in State v. Goyman, 3d Dist. Nos. 10-05-09 10- 05-10, 2006-Ohio-1999 (hereinafter referred to as "Goyman I"), this Court vacated Goyman's sentence and remanded the cause to the trial court for additional proceedings, based on State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Goyman I, supra, at ¶¶ 6-7.
 {¶ 8} In June 2006, the trial court held a resentencing hearing and, in Case No. 04-CRM-105, sentenced Goyman to three years in prison for the gross sexual imposition charge and to six years in prison for the pandering obscenity involving a minor charge, with the sentences to be served concurrently. The trial court also sentenced Goyman, in Case No. 05-CRM-008, to four years in prison for the pandering obscenity involving a minor charge, to be served consecutively to the sentenced imposed in Case No. 04-CRM-105, for an aggregate sentence of ten years in prison. Case Nos. 10-06-23, 10-06-24
 {¶ 9} It is from these judgments that Goyman appeals, presenting the following assignment of error for our review:
 Assignment of Error No. I THE FELONY SENTENCING STATUTES AS APPLIED PURSUANT TO STATE V. FOSTER VIOLATE THE RESTROACTIVE CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION AND EX POST FACTO CLAUSE OF SECTION 10, ARTICLE I OF THE UNTINED STATES CONSTITUTION.
 Assignment of Error No. I {¶ 10} In his first assignment of error, Goyman argues that the application of Foster to his sentence violates the ex post facto clause of the United States Constitution and that his due process rights are violated because the effect of Foster is to create an ex post facto law.
 {¶ 11} However, for the reasons articulated by this Court inMcGhee, supra, we find no merit in Goyman's argument that the sentence violates his due process rights. Goyman pled guilty to two counts of the October 2004 indictment, in Case No. 04-CRM-105, and in Case No. 05-CRM-008, to one count of pandering obscenity involving a minor. In March 2005, the trial court imposed a sentence upon him. In April 2005, Goyman appealed to this Court. The Supreme Court announced its decision in Foster on February 27, 2006. And, in Goyman I, we vacated Goyman's sentence and remanded the cause to the trial court for additional proceedings, based on Foster. Goyman I, supra, at ¶¶ 6-7. Case Nos. 10-06-23, 10-06-24
 {¶ 12} In June 2006, the trial court resentenced Goyman to the same term of imprisonment as before. We note, as to this case, that the offenses occurred subsequent to the United States Supreme Court's holding in Apprendi v. New Jersey (2000), 530 U.S. 466, 490, which provided notice that a major shift in sentencing was likely to occur. This supports our conclusion in McGhee that the remedy announced inFoster does not violate due process. Likewise, the sentencing range for Goyman's felonies has remained unchanged, so he had notice of the potential sentence for his offenses. Therefore, we find Goyman's assignment of error without merit and overrule the same.
 {¶ 13} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 SHAW and WALTERS, JJ., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)